# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FT. MYERS DIVISION

**RICHARD L. LEWIS II,**

        **Plaintiff,**

**-vs-**                              **Case No. 2:06-cv-32-FtM-33DNF**

**ROBERT W. SEGUR,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)** |
| **FILED:** | **January 13, 2006** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED** and this action be dismissed.

    Plaintiff, Richard Lewis is requesting leave to proceed *in forma pauperis* or without payment of filing fees pursuant to 28 U.S.C. §1915. Title 28 U.S.C. §1915 confers upon the Court the discretionary authority to dismiss an action if the Court is satisfied that the action is "frivolous or

malicious" or "fails to state a claim on which relief may be granted." *See also, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340, (1992). A complaint must contain "a short and plain statement of the claim showing that the pleader [Mr. Lewis] is entitled to relief" as is required under Fed.R.Civ.P. 8.

In the Complaint (Doc. 1), Mr. Lewis alleges that his attorney, the Defendant, Robert Segur, failed to provide adequate legal representation to him during his divorce. Mr. Lewis cited to violations of the Federal Rehabilitation Act of 1973, the Americans with Disabilities Act 1990, Title V Elderly and Disability Protection Act, and 42 U.S.C. 2000e5(g). The Court must first determine if it has jurisdiction over this claim. Federal district courts have jurisdiction over citizens of different states. 28 U.S.C. §1332. In this case, however, both Richard Lewis and Robert W. Segur are citizens of the state of Florida, therefore, the Court lacks diversity jurisdiction under 28 U.S.C. §1332. Federal district courts also have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. For a claim to arise under federal law, the right or immunity created by the law must be "an essential element of the plaintiff's claim." *Ray v. Tennessee Valley Authority,* 667 F.2d 818, 825 (11th Cir. 1982). The Court must look to the real nature of the claim. *Id*. The nature of the claim in the instant case is a legal malpractice claim against Robert Segur. There is no question of federal law that must be answered, and therefore, federal jurisdiction is lacking. *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). The issue of legal malpractice is a question of state law. *Id*.

The Plaintiff failed to state a cause of action upon which relief may be granted. It is respectfully recommended that the Motion to Proceed *In Forma Pauperis* be denied, and this action be dismissed for lack of jurisdiction.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this __18th__ day of January, 2006.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies:

All Parties of Record